Mortimer Offshore Servs. Ltd. v Manufacturas Orga Ltda (2021 NY Slip Op 05294)





Mortimer Offshore Servs. Ltd. v Manufacturas Orga Ltda


2021 NY Slip Op 05294


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Webber, J.P., Singh, Scarpulla, Mendez, Rodriguez, JJ. 


Index No. 654433/18 Appeal No. 14303 Case No. 2021-00109 

[*1]Mortimer Offshore Services Limited, Plaintiff-Appellant,
v
Manufacturas Orga Ltda, Defendant, HSBC Bank USA, N.A., Non-Party Respondent.


MoloLamken LLP, New York (Steven F. Molo of counsel), for appellant.
Greenberg Traurig, LLP, New York (Louis Smith of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about November 23, 2020, which denied plaintiff's motion to compel nonparty HSBC Bank USA, N.A. (HSBC) to produce documents responsive to a subpoena, unanimously affirmed, with costs.
Plaintiff served a subpoena duces tecum on HSBC seeking 20 years of banking, transaction, investment, loan, and similar records of the judgment debtor and related individuals and entities held by banking and investment entities located in, inter alia, Chile, Malaysia, and Switzerland and indirectly owned by the same corporate parent, nonparty HSBC Holdings plc. In response, HBSC submitted an affidavit by an HSBC affiliate's employee in charge of searching HSBC's records showing that HSBC's "computer systems . . . do not provide access to customer account information" located with the affiliated banks "outside of the United States" (Motorola Credit Corp. v Standard Chartered Bank, 24 NY3d 149, 162 [2014], quoting Samsun Logix Corp. v Bank of China, 31 Misc 3d 1226[A], 2011 NY Slip Op 50861[U], *4 [Sup Ct, NY County 2011]; compare Matter of B&M Kingstone, LLC v Mega Intl. Commercial Bank Co., Ltd., 131 AD3d 259, 267 [1st Dept 2015] [bank made no argument "that the requested information is not available in New York"], lv dismissed 26 NY3d 995 [2015]).
Plaintiff failed to show that the subpoenaed documents were within HSBC's "possession, custody or control" (CPLR 5224[a-1]). Nor did it show that HSBC has the "practical ability" to request the documents from the foreign banks believed to have the documents in their possession or to influence those banks to provide such documents (see Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 62-63 [2013]). Indeed, even if HSBC Holdings plc, as the indirect parent of HSBC and its foreign affiliates, were able "as a practical matter . . . [to] secure the documents from [its] subsidiar[ies]" (Motorola Credit Corp. v Uzan, 2013 WL 6098388, *3 [SD NY 2013]), it is based overseas and was not served with the subpoena.
Further, "the denial of plaintiff's motion is warranted based on principles of international comity since the underlying dispute did not originate in the United States, the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters provides an alternative recourse, and ordering compliance raises the risk of undermining important interests of other nations by potentially conflicting with their privacy laws or regulations" (Ayyash v Koleilat, 115 AD3d 495, 495 [1st Dept 2014], citing Orlich v Helm Bros., 160 AD2d 135, 143-144 [1st Dept 1990] [noting that in "civil law" countries, "nonjudicial taking of evidence located within their territory is regarded as an affront to their sovereignty"]; see also Motorola Credit Corp. v Standard Chartered Bank, 24 NY3d at 162).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October [*2]5, 2021